# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Deutsche Bank National Trust Company, <br><br> Plaintiff <br><br> v. <br><br> Fidelity National Title Group, Inc., *et al.*, <br><br> Defendants | Case No. 2:19-cv-00409-CDS-VCF <br><br> **Order Denying Motion to Lift Stay, Granting Countermotion to Extend Stay** <br><br> [ECF Nos. 38, 40] |

      This case concerns one of the many actions brought against title insurers for alleged breaches of their obligations to cover losses sustained by banks as a result of HOA foreclosure sales stemming from the 2008 financial crisis. It has been stayed since December 13, 2019, as the parties stipulated that the appeal in *Wells Fargo Bank, N.A. v. Fidelity Nat'l Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II*" appeal) would help to resolve issues regarding interpretation of a standard-form title insurance policy also applicable to this case. ECF No. 28 at 2. The *Wells Fargo II* appeal proved fruitless as the Ninth Circuit held it "need not decide the merits of whether the original complaint sufficiently pleaded claims for relief." *Wells Fargo II*, 2021 WL 5150044, at *2 (9th Cir. Nov. 5, 2021).

      Plaintiff Deutsche Bank National Trust Company moves to lift the stay, arguing that the original basis for the stay has dissipated. ECF No. 40. Defendants Fidelity National Title Group, Inc. and Chicago Title Insurance Company countermove to continue the stay, arguing that a different case on appeal in the Supreme Court of Nevada can yield the sort of dispositive answer the parties originally expected from *Wells Fargo II*. ECF No. 38.

Having reviewed the pleadings, applicable law, and the proceedings in the Supreme Court of Nevada, I find that the Supreme Court of Nevada is likely to issue controlling authority on issues relevant to the disposition of this case in *PennyMac Corp. v. Westcor Land Title Ins. Co.*, Supreme Court Case No. 83737 (Eighth Judicial District Case No. A-18-781257-C) (the "*PennyMac*" appeal).[1] I thus grant defendants' motion to extend the stay, deny plaintiff's motion to lift the stay, and order this case stayed pending resolution of the *PennyMac* appeal.

## I.     Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Where there is a separate proceeding, a trial court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). A stay may be appropriate if "it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" by the district court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)). Among those competing interests are: "[(1)] the possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result" from a stay. *Id.*

---

[1] I take judicial notice of the *PennyMac* proceedings. Federal courts "may take notice of proceedings in other courts, within and **without the federal judicial system**, if those proceedings have a direct relation to matters at issue." *U.S. ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted) (emphasis added).

II.       Discussion

As to the first factor, minimal, if any, damage will result from my granting of the stay. The Supreme Court of Nevada seems close to reaching a decision in *PennyMac*, as briefing has concluded. Consequently, the duration of the stay likely seems very short. Furthermore, as defendants point out, Deutsche Bank's complaint is based on events occurring between 2013 and 2015, but Deutsche Bank did not sue until March 2019. Since then, the case has already been stayed via stipulation for almost three years. *See* Order Granting Stip. to Stay, ECF No. 28 (beginning the stay on December 13, 2019). Little to no difference will result in conducting discovery over events from 2013 through 2015 as compared to a few months from now.

As to the second factor, great hardship could be borne by the parties if the case is required to go forward before *PennyMac* is resolved. The attorneys could engage in costly discovery and motions practice to the potential detriment of their clients, all while the specter of a decision from the Supreme Court of Nevada capable of changing the relevant issues to the case hangs overhead. While being required to defend a lawsuit, without more, does not constitute a clear case of hardship or inequity, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005), being required to defend a lawsuit wherein questions of law pertinent to resolution of the merits change mid-way through the litigation would pose hardship to both parties.

And as to the third factor, the orderly course of justice is promoted by simplifying issues of fact and questions of law. A decision from the Supreme Court of Nevada—regardless of which way the Court rules—will likely have the effect of precluding certain arguments as a matter of law, or clarifying the title insurance policy language such that adjudication of the issues relevant to the present case is easier.

Because the proceedings in the Supreme Court of Nevada are likely to conclude within a reasonable time in relation to the urgency of the claims in the instant suit, I find that the fairest course of action is for this case to remain stayed pending resolution of the *PennyMac* appeal.

III.     Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion to lift stay [ECF No. 40] is DENIED.

IT IS FURTHER ORDERED that defendants' motion to extend stay [ECF No. 38] is GRANTED.

IT IS FURTHER ORDERED that this case remain stayed pending the Supreme Court of Nevada's ruling in *PennyMac Corp. v. Westcor Land Title Ins. Co.*, Supreme Court Case No. 83737.

IT IS FURTHER ORDERED that the parties are to file a joint status report within two weeks of the Supreme Court of Nevada rendering a decision in *PennyMac*.

IT IS SO ORDERED.

DATED: December 1, 2022

_____
Cristina D. Silva
United States District Judge